## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| RAUL JIMINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion to sever and supporting brief filed by the Defendant, Raul Jiminez (Filing No. 237).

Jiminez is charged together with five codefendants in a one-count Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. He seeks an order severing his case from that of codefendants Pablo Reza Landin and Scott Freese.

Jiminez argues that some of the evidence reflects poorly on codefendant Freese and on attorneys generally. He also notes that Shaun Downey, one of two lawyers representing codefendant Landin, has been accused of sexual assault on a child. The alleged incident involving Mr. Downey has been reported in the news media. Jiminez argues that if he is tried with Freese and Landin he may be found guilty by reason of association. Jiminez has not supported his argument with any legal authority.

The Court concludes that Jiminez has failed to meet the high standard of proving "a 'serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " *Id.* at 1040-41. Certainly, the issues raised can be addressed, if counsel wish, through

voir dire.  The issues may also be addressed through the jury instructions.  Any potential prejudice should be resolved through those avenues.

For these reasons, the motion will be denied.

IT IS ORDERED that the Defendant's motion to sever (Filing No. 237) is denied.

DATED this 19th day of April, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge