## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR131** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **RAUL JIMINEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 399) and the motion for leave to proceed in forma pauperis (Filing No. 400) filed by the Defendant, Raul Jiminez. The Court has considered Jiminez's brief (Filing No. 399) accompanying his § 2255 motion. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

On April 28, 2006, the Court declared a hung jury after Jiminez's first trial. (Filing No. 262.) After a second trial, Jiminez was convicted of Count I of the Indictment charging him with conspiring to distribute or possess with intent to distribute more than 500 grams of methamphetamine. (Filing No. 284.) On October 23, 2006, JIminez was sentenced to 144 months imprisonment and 5 years supervised release. (Filing No. 350.) On May 16,

2007, the Eighth Circuit affirmed his conviction.  (Filing Nos. 384, 385.)  On appeal, Jiminez raised the following arguments: the Court erred in admitting documents including Jiminez's cell phone records, because the documents should have been excluded as unfairly prejudicial;[1] and the evidence was insufficient to support his conviction.  (Filing No. 384.)  In discussing the issue of the cell phone records, the Eighth Circuit stated:

> Turning to the introduction of Jiminez's cell phone records, the district court initially decided to exclude Jiminez's cell phone records in light of the delayed timing of production.  Those records were not excluded because they were irrelevant or because they were somehow unfairly prejudicial to Jiminez.  Where evidence is initially deemed inadmissible, this Court has previously determined that defense counsel's questions can render the excluded evidence admissible.  Here, when the district court initially granted the motion in limine excluding Jiminez's cell phone records, it explicitly noted that the records could nonetheless potentially become admissible for rebuttal.  That potential was realized when defense counsel's cross-examination of Agent Armstrong gave the misimpression that Jiminez was a party to only three phone calls with co-conspirators.  It was not unfairly prejudicial for the jury to know that Jiminez spoke to Lupe and to Landin on multiple occasions.  Given the broad deference that we accord district courts' evidentiary determinations, we cannot find that the district court abused its discretion.

(Filing No. 384, at 8-9 (citations omitted).)

Jiminez's deadline for filing a petition for a writ of certiorari expired on August 14, 2007.  On August 14, 2008, Jiminez filed his § 2255 motion arguing ineffective assistance of counsel.[2]  (Filing No. 399.)

---

[1]The Defendant's motion in limine was initially granted with respect to the cell phone records.  However, in light of defense counsel's questioning of Agent Armstrong indicating that only 3 calls out of more than 20,000 monitored calls were made between Jiminez and his coconspirators the Court admitted the phone records to allow the government to "clear up [the] misimpression."  (Filing No. 356, Trial Transcript, 261:24-263:9.)

[2]Although the docket reflects that the motion was filed on August 18, 2008, under the prison mailbox rule the motion was timely filed on August 14, 2008.  (Filing No. 399, at 61.)

## DISCUSSION

Jiminez argues that his counsel was ineffective in the following: advising him to go to trial rather than accept a plea agreement; in asking one or more questions during cross examination of a witness that resulted in the admission of Jiminez's cell phone records; and in not allowing Jiminez to testify at his second trial.

In order to establish ineffective assistance of counsel, Jiminez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. Jiminez's claims of ineffective assistance of counsel are discussed below.

### *Advice Regarding Trial vs. Plea*

Even assuming that defense counsel did not explain to Jiminez the advantages of pleading guilty, Jiminez cannot show any reasonable probability that he would have acknowledged his guilt. When Jiminez testified at his first trial that ended in a hung jury, he testified that he was innocent. (Filing No. 278, at 247.) *United States v. Stevens,* 149 F.3d 747, 748 (8th Cir. 1998) (defendant failed to show prejudice where he could not show any reasonable probability that he would have acknowledged his guilt, noting that he testified to his innocence at the hearing on his motion for a new trial). It plainly appears from the record that Jiminez cannot prove the prejudice prong of the *Strickland* test, and this claim is summarily denied.

*Cross Examination Resulting in Admission of Cell Phone Records*

The cell phone records constituted one piece of evidence against Jiminez. Other evidence included 6 packages of methamphetamine found during a traffic stop of a van occupied only by Jiminez and the testimony of a coconspirator, Mollie Moler. The evidence against Jiminez was overwhelming. Jiminez cannot prove the prejudice prong of the *Strickland* test, and this claim is summarily denied.

*Not Allowing Jiminez to Testify*

Jiminez argues that counsel was ineffective for not allowing him to testify. Regardless of counsel's advice during the second trial, Jiminez clearly knew of his right to testify, because he testified at his first trial and at that time he testified that his attorney had reviewed his Fifth Amendment rights with him, including his right to testify or not testify. (Filing No. 278, 220-21.) The Eighth Circuit has stated that when a defendant does not exercise the right to testify at the appropriate time the defendant knowingly and voluntarily waives the right. *Winfield v. Roper,* 460 F.3d 1026, 1035 (8th Cir. 2006) (penalty phase); *United States v. Bernloehr,* 833 F.2d 749, 751-52 (8th Cir. 1987) (trial). Jiminez knew that he had a right to testify, he was present in court when his attorney rested, and he did not state any opposition to the rest. Therefore, he knowingly and voluntarily waived his Fifth Amendment right to testify. The evidence against Jiminez was overwhelming. Jiminez cannot prove the prejudice prong of the *Strickland* test, and this claim is summarily denied.

## CONCLUSION

Because it plainly appears from the record that Jiminez cannot satisfy the prejudice prong of the *Strickland* test with respect to any of his claims, his § 2255 motion is summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 399);

2. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 399) is summarily denied;

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 400) is denied as moot; and

4. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 30th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge